IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES J. MCCLAFFERTY,<br>    Plaintiff,<br><br>v.<br><br>DETENTION CENTER,<br>    Defendant. | :<br>:<br>:<br>:   CIVIL ACTION NO. 25-CV-1564<br>:<br>:<br>: |

MEMORANDUM

WEILHEIMER, J.                                                                                                         MAY 2025

Charles J. McClafferty filed this *pro se* civil rights action against the Philadelphia Detention Center based on the conditions of his confinement. McClafferty also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant McClafferty leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). McClafferty will be given an opportunity to file an amended complaint.

I.    FACTUAL ALLEGATIONS[1]

McClafferty's allegations are brief. He asserts that he was a pretrial detainee incarcerated from August 15, 2024, to November 19, 2024,[2] in the Philadelphia County Jail

---

[1] McClafferty used the form complaint available to unrepresented litigants to file his claims. (ECF No. 2.) The factual allegations set forth in this Memorandum are taken from Complaint, and the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The Court may also consider matters of public record when conducting a screening under § 1915. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[2] Although McClafferty asserts a timeframe in 2025 that has not yet occurred, the Court presumes this was a mistake and he intends to allege the year of 2024. Further, a review of public records indicates that throughout McClafferty's underlying criminal case, which was charged in November 2020, there were bench warrants issued and several changes to his bail. *Commonwealth v. McClafferty*, MC-51-CR-0022097-2020 (M.C. Phila.). Relevant here, a bench warrant was outstanding in July 2024, and a change to his bail was reflected as "monetary" on July 12, 2024. In November 2024, a change to his bail type was then reflected as "unsecured." (*Id.*) It appears his case was resolved by trial on May 13, 2025.

Detention Center and "lived in the uninhabitable building." (Compl. at 4.) McClafferty alleges that the building was uninhabitable because it was condemned. (*Id.* at 5, 8.) As relief, he seeks monetary damages. (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court grants McClafferty leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III. DISCUSSION

The Court understands McClafferty to assert that his constitutional rights were violated when he was confined at the Philadelphia Detention Center due to the conditions there. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). "Unconstitutional punishment typically includes both objective and subjective components." *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (internal quotations and alterations omitted).

McClafferty's Complaint, even when liberally construed, fails to state a plausible conditions of confinement claim. As an initial matter, McClafferty names the Philadelphia Detention Center as the sole defendant. McClafferty's § 1983 claims against the Philadelphia Detention Center must be dismissed because a jail or a prison is not a "person" under § 1983. *See Beaver v. Union Cnty. Pennsylvania*, 619 F. App'x 80, 82 (3d Cir. 2015) (*per curiam*)

3

(affirming dismissal of claims against Northumberland County Prison because the prison may not be considered a "person" subject to suit under 42 U.S.C. § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)); *see also Sanabria v. St. Lukes Hosp. (Sacred Heart Campus)*, No. 20-4091, 2020 WL 7495665, at *6 (E.D. Pa. Dec. 21, 2020); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).

Even if McClafferty had named a proper defendant, his claims are presented in a wholly conclusory manner. The factual allegations in the Complaint, *i.e.*, that he was held in a condemned building that was uninhabitable, are far too general and undeveloped for the Court to conclude that the deprivations he endured were "sufficiently serious" to meet the objective component of an unconstitutional punishment. *Carroll*, 495 F.3d at 68. Consequently, McClafferty has not met the *Iqbal* pleading standard with respect to any potential claim.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss McClafferty's Complaint. McClafferty will be given leave to file an amended complaint, to the extent he can present a claim against an appropriate defendant. An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

**GAIL A. WEILHEIMER, J.**